ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SEAN C. DUFFY
Trial Attorney (NY Bar No. 4103131)
Natural Resources Section
sean.c.duffy@usdoj.gov
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 598-7291

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al*., <br><br> Defendants, | Case No. 6:26-cv-186-AA <br><br> DEFENDANTS' RESPONSE IN OPPOSITION TO PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE (Dkt. No. 4) |

This matter concerns the construction of an alleged Immigration and Customs Enforcement detention facility in or near the City of Newport. Presently, two claims are pleaded across two actions, *City of Newport v. Noem*, No. 6:25-cv-2396-MC, and *State of Oregon v. Noem*, No. 6:26-cv-186-AA. A motion to consolidate the two cases is pending, Dkt. No. 5, and Federal Defendants' responsive pleading is due February 27. Dkt. No. 8. Two environmental

DEF'S RESP. IN OPP'N
TO MOT. TO INTERVENE                    1

groups, Oregon Shores Conservation Coalition and Cascadia Wildlands (the "Groups"), have moved to intervene. Dkt. No. 4 ("Mot. to Intervene"). Defendants oppose the Groups motion to intervene on several grounds.

*First*, the Group's motion is premature. Courts "discourage premature intervention that unnecessarily squanders scarce judicial resources and increases litigation costs." *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 823 (9th Cir. 2021) (citation modified). As noted previously, Defendants currently plan to move to dismiss both lawsuits for lack of subject matter jurisdiction. Dkt. No. 6 at 2. For judicial efficiency, the Court should defer ruling on the Group's motion to intervene until threshold jurisdictional issues are resolved. If the Court finds that it lacks jurisdiction, it can deny the Groups' motion as moot. If the Court finds that it has jurisdiction, it can consider whether the Groups have met their burden to intervene under Federal Rules of Civil Procedure 24(a) or 24(b) and whether to impose conditions on intervention at that time.

*Second*, the Groups fail to meet their burden to show intervention should be granted either as of right or by permission. The Groups allege their interests may be impaired by the litigation, but fail to identify any plausible final agency action that impacts their alleged concrete interests. Moreover, even if a facility were to be constructed, Defendants may adopt mitigation measures that could reduce or eliminate the Groups' alleged harms. At this juncture, the Groups' allegations of harm to sensitive coastal areas, coastal ecosystems, and threatened and endangered species are purely speculative. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) ("Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation.") (citation omitted).

DEF'S RESP. IN OPP'N
TO MOT. TO INTERVENE                          2

*Third*, the Groups also fail to meet their burden to show intervention is warranted because both the City of Newport and the State of Oregon adequately represent the Groups' interests. Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1086-87 (9th Cir. 2003). "In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086 (citation modified). The Groups claim they have different interests, but their proposed complaint shows that the claims are duplicative of those already advanced by the State and the City. *Compare* Dkt. No. 1, ¶¶ 75-95 (State of Oregon's complaint, alleging four claims under the CZMA, NEPA, APA, and *ultra vires* action) *and City of Newport*, No. 6:25-cv-2396-MC, Dkt. No. 1, ¶¶ 130-171 (alleging six claims under the CZMA, NEPA, APA, *ultra vires* action, breach of contract, and breach of good faith) *with* Dkt. No. 4-1, ¶¶ 51-90 (Groups' proposed complaint, alleging claims under the CZMA, NEPA, APA, and *ultra vires* action). The Groups cite *Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983) for the proposition that the State and City cannot represent their interests. Mot. to Intervene 8. That case is distinguishable because it concerned the adequacy of representation by the federal government after a substantial change in federal government leadership. Applying *Arakaki*, the Groups have not met their burden to show a "very compelling interest" for intervention. The Court should find that the City of Newport and State of Oregon can competently represent their citizens' interests, including the interests advanced by the Groups.

*Fourth*, allowing the Groups to intervene both frustrates judicial economy and prejudices Defendants. As noted above, the Groups' claims duplicate those already advanced by the State of Oregon and City of Newport. The Court has already had to sever separate challenges to the removal of the search and rescue helicopter from Air Facility Newport and challenges to an

alleged detention facility. *Newport Fishermen's Wives v. U.S. Coast Guard*, No. 6:25-cv-2165-AA, Op. & Order, Dkt. No. 73 (severing claims and creating this action). Allowing a third set of plaintiffs to argue the same overlapping claims increases the number of briefs the Court will need to consider without any apparent benefit. Instead of intervention, the Groups could seek leave to file an *amicus curiae* brief if this litigation proceeds to the merits and the Groups continue to believe that the State and the City are not fully presenting arguments that express their interests in this litigation. *See Linthicum v. Wagner*, No. 6:23-cv-1624-AA, 2023 WL 8602152 (D. Or. Dec. 12, 2023) (granting leave to appear as *amicus curiae* because "the ACLU of Oregon is likely to lend a unique perspective on the issues presented, which may assist the Court in adjudicating the pending motion.").

In the event the Court finds the Groups have met their burden to show intervention (either as of right or by permission), the Court should consider imposing conditions on intervention. *See* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment ("intervention of right. . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); *Bark v. Northop*, No. 3:13-cv-1267-HZ, 2013 WL 6576306, at *7-8 (D. Or. Dec. 12, 2013) (imposing conditions on intervention). Defendants suggest the following limited conditions on the Groups' intervention:

1.  The Groups shall not seek discovery or move to supplement, complete, or otherwise challenge the contents of an administrative record.

2.  The Groups shall sequence their merits briefs, so that any briefs are filed after the State and City but before Defendants. The Groups' merits briefs shall be limited to ten pages and shall not duplicate arguments advanced by the other parties.

3.  The Groups shall not independently appeal any decision in this matter, unless the City or State first elect to appeal.

4.  The Groups shall bear their own fees, costs, and expenses in this action.

These reasonable restrictions encourage judicial economy, and reduce potential prejudice to Defendants.


Dated: February 17, 2026                    ADAM R.F. GUSTAFSON
                                            Principal Deputy Assistant Attorney General
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division

                                            /s/ *Sean C. Duffy*
                                            SEAN C. DUFFY
                                            Trial Attorney (NY Bar No. 4103131)
                                            Natural Resources Section
                                            P.O. Box 7611
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            (202) 598-7291
                                            sean.c.duffy@usdoj.gov

                                            *Attorneys for Federal Defendants*