Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
Eric Wriston, OSB # 226130
(503) 525-2725 │ eric@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON, *et al*,<br><br>　　　　Plaintiffs,<br><br>　and<br><br>OREGON SHORES CONSERVATION COALITION, an Oregon non-profit corporation and CASCADIA WILDLANDS, an Oregon non-profit corporation,<br><br>　　　　Plaintiff-Intervenors,<br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　Defendants. | Case No.: 6:26-cv-00186-AA (Lead)<br>Case No. 6:25-cv-2396-MC (Trailing)<br><br>**PLAINTIFF-INTERVENORS REPLY IN SUPPORT OF MOTION TO INTERVENE** |

### I.    Introduction and Statement on LR 7-1(a) Conferral.

This court should not consider Defendants' Response in Opposition to Motion for Leave to Intervene because Defendants have failed to satisfy the requirements of LR 7-1.

On January 20, 2026 Plaintiff-Intervenor-Applicants ("Intervenors") began conferral on their motion to intervene by sending an email to counsel for Federal Defendants explaining their intent and requesting their position. Intervenors received no response, written or otherwise. On January 28, 2026, this court held a status conference. At that conference, Defendants' counsel

represented that they took no position on intervention. On February 3, 2026, at this court's instruction, see Case No. 6:25-cv-02165-AA, ECF No. 73, Intervenors re-filed their motion to intervene in this case. ECF No. 4. Between February 3 and February 17, 2026, Plaintiffs received no communications from Federal Defendants. Federal Defendants then filed their Response in Opposition to the Motion to Intervene on February 17, 2026. ECF No. 9.

Under LR 7-1(a)(1), the court must be informed that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or [that t]he opposing party willfully refused to confer." "The Court may deny any motion that fails to meet this certification requirement." LR 7-1(a)(3); *Vineyards, L.L.C. v. United States*, No. 6:24-cv-01559-MTK, 2025 U.S. Dist. LEXIS 95786, at *7 (D. Or. May 20, 2025); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Here, Plaintiffs attempted to comply and proceeded as if Defendants were taking no position, as represented. Defendants had ample opportunity to re-confer and clarify their position. Instead, Defendants' late decision to change from failing to respond to conferral and then taking no position to actively opposing the intervention with no additional conferral is contrary to the spirit and letter of LR 7-1. In their opposition, Defendants actively oppose intervention, or ask for intervention to be granted with conditions. Such conditions should have been the subject of conferral but they were not. *See Pesticide Action Network N. Am. v. Williams*, No. 24-cv-06324-JSC, 2025 U.S. Dist. LEXIS 1328, at *8-9 (N.D. Cal. Jan. 3, 2025). Had Defendants conferred, the parties could have potentially agreed on the conditions of intervention, but instead are now subjecting the court to potentially unnecessary briefing. For these reasons, and because Defendants failed to comply with LR 7-1, this court should disregard Defendants' opposition.

**II.     The motion to intervene was timely.**

Intervenors filed their motion to intervene as soon as practicable after learning that their interests were at risk in this case, before the parties filed any dispositive motions. That is all that is required for a motion to intervene to be timely. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (holding motion for intervention was timely when it was filed shortly after the complaint); *Idaho Farm Bureau Fed'n v. Babbitt*, F.3d 1392, 1397 (9th Cir. 1995) (holding a motion to intervene was timely when filed "before any hearings or rulings on substantive matters"). "Contrary to [Defendants'] argument that the intervention comes too early, timeliness typically examines whether a motion to intervene is filed too late." *Gonzales v. City of Austin*, No. 1:22-CV-655-RP, 2023 U.S. Dist LEXIS 133847, at *10-11 (W.D. Tex. Aug. 2, 2023). Indeed, had Intervenors waited until after the Defendants had filed their answer to the complaint, Intervenors would have risked denial of their motion to intervene for being untimely. *Smith v. Marsh*, 194 F.3d 1045 (9th Cir. 1999) (*citing League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997)) (timeliness of motion to intervene is highly suspect where a district court has made substantive decisions on case, including on motion to dismiss). Defendants cite to no authority denying or deferring a motion to intervene from an intervenor with articulated interests in a case for filing their motion to intervene *too early*.[1]

Additionally, Defendants fail to explain why Intervenors do not have a right to participate in briefing on the motion to dismiss. Defendants have now filed a Motion to Dismiss. See ECF No. 11. If the court grants Defendants' motion to dismiss, it would clearly "impair or impede [Intervenors'] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Nothing in FRCP 24(a)(2) or this court's precedent restricts Intervenors, who otherwise meet the standards for

---

[1] *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 823 (9th Cir. 2021), the sole case relied on by Defendants, concerns only whether a motion to intervene was filed too late.

intervention as of right and permissive intervention, from participating in this determinative stage of litigation. Indeed, intervening parties routinely participate in Rule 12 motions. *See, e.g., Gen. Chuck Yeager, Inc. v. United States Post Office*, No. 2:25-cv-00614-DJC-SCR, 2025 U.S. Dist. LEXIS 210211, at *2 (E.D. Cal. Oct. 23, 2025) (granting motion to intervene and extending deadlines for opposition to motion to dismiss to allow intervenor opportunity to brief issues); *Maverick Gaming LLC v. United States*, 123 F.4th 960, 971 (9th Cir. 2024) (discussing party granted intervention for the purpose of filing motion to dismiss). Intervenors thus request that the court grant the motion to intervene so that Intervenors can respond to the claims made in the motion to dismiss.

Further, contrary to Defendants' assertion, granting intervention at this stage will not frustrate judicial economy or prejudice Defendants. General allegations of delay or additional briefing requirements are not sufficient to demonstrate prejudice, "otherwise *every* intervention motion would be denied out of hand because it carried with it, almost by definition, the prospect of prolonging litigation." *League of United Latin Am. Citizens*, 131 F.3d at 1307. Further, here, allowing intervention actually serves judicial economy. One of the primary aims of Rule 24 is to allow interested parties to intervene for the express purpose of avoiding the strain on judicial resources that results from duplicate cases from multiple interested parties. *See Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting City of Los Angeles, 288 F.3d at 397-98 ) ("[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.") Intervenors' interests are such that they would likely have standing to file their own action regarding the facts at the center of this case. ECF No. 4 at 6-8. However, in the interest of judicial economy, Intervenors have elected instead to

intervene in this case. This is exactly the kind of efficient resolution of different parties' interests that Rule 24 seeks to achieve.

    **III.**    **Intervenors have clear interests in the resolution of this case.**

Intervenors have a concrete and specific interest in protecting the sensitive coastal environment that surrounds the planned detention facility. Defendants argue that this interest is too speculative because Intervenors "fail to identify any plausible final agency action." ECF No. 9 at 2. However, Intervenors allege that Defendants have made a conclusive decision to construct and operate a detention facility in the vicinity of the Newport Municipal Airport without any attempt at compliance with applicable environmental laws. ECF No. 4 at 8-10. These allegations clearly support that Intervenors' interests in the environment of the surrounding area may be at risk in this case. The fact that Defendants have not yet broken ground on construction in no way precludes intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests. Rule 24(a) is invoked when the disposition of the action 'may' practically impair a party's ability to protect their interest in the subject matter of the litigation."); *Wilderness Soc'y v. United States Forest Serv.*, 630 F3d 1173, 1179 (9th Cir 2011).

    **IV.**    **Plaintiffs inadequately represent Intervenors' interests.**

Defendants incorrectly claim that Intervenors are not entitled to intervention as of right because the City of Newport and the State of Oregon adequately represent their interests. ECF No. 9 at 3. In some cases, courts have applied a presumption of adequate representation where a party seeks to intervene on the side of a government that represents the same interest. *See, e.g., Arakaki v. Cayetano,* 324 F.3d 1078 (9th Cir. 2003) (denying motion to intervene of interest

groups where government party had "specific statutory and constitutional obligations" to uphold their interests). However, this presumption does not apply when the interests of the government and the parties moving to intervene are not identical. *United States v. Read*, No. 6:25-cv-01666-MTK, 2025 U.S. Dist. LEXIS 251788, at *7 (D. Or. Dec. 5, 2025) (citing *Berger v. N.C. State Conference of the NAACP,* 597 U.S. 179, 191, 142 S. Ct. 2191, 2201 (2022) ("[T]he Supreme Court recently made clear that presumptions of government representation are limited to 'certain classes of cases' such as where a 'movant's interests are identical to those of an existing party.'"). For example, where a proposed intervenor's interests are "potentially more narrow and parochial than the interests of the public at large," intervention is appropriate. *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018); *Arakaki,* 324 F.3d at 1087-88 (discussing Ninth Circuit precedent permitting "intervention on the government's side in recognition that intervenor's interests are more narrow than that of the government and therefore may not be adequately represented").

Here, Intervenor environmental organizations have a narrow interest in avoiding particularized environmental impacts to Oregon's coastal ecosystems and certain wildlife such as coastal marten. State and city government Plaintiffs, on the other hand, represent a much broader set of interests ranging from ensuring the safety of their citizens to minimizing adverse economic impact. The difference in interests between the parties is likely to lead to different litigation strategies throughout this case. For example, a local government may be more interested in economic impacts or benefits associated with Federal projects, and may be more willing to

accept a project with environmental effects if it has economic benefits for the community.[2] This kind of potential divergence is all that Intervenors must show to satisfy this factor. *See United States v. Read*, No. 6:25-cv-01666-MTK, 2025 U.S. Dist. LEXIS 251788, at *7 (D. Or. Dec. 5, 2025) (government parties do not adequately represent intervening party's interest where they "have broader public policy obligations and considerations that may incentivize them to make compromises that Proposed Intervenors would not make"); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001) ("It is sufficient for Applicants to show that, because of the difference in interests, it is likely that Defendants will not advance the same arguments as Applicants.").

## V.     Intervenors oppose the conditions on intervention proposed by Defendants.

Defendants propose that the court condition intervention with strict limits on Intervenors' participation in this case. ECF No. 9 at 4-5. Intervenors oppose all of the proposed conditions, except as it regards sequencing of briefing on the merits. Defendants propose conditions on intervention that include limiting Intervenors' briefs to 10 pages and prohibiting Intervenors from challenging the contents of an administrative record or appealing any decision in this case. *Id.* Defendants cite to no precedent for such limiting conditions on an intervening party, which would restrict Intervenors' ability to represent their interests in this case. Further, as discussed above, Defendants failed to confer with Intervenors before proposing these conditions—which by itself supports denial of Defendants' request. *See Pesticide Action Network N. Am. v. Williams*, No. 24-cv-06324-JSC, 2025 U.S. Dist. LEXIS 1328, at *8-9 (N.D. Cal. Jan. 3, 2025)

---

[2] For example, a County Commissioner for Coos County, Oregon recently objected to U.S. Immigrations and Customs Enforcement placing a potential detention facility at the local airport and tried instead to direct the facility towards an incorporated community where the detention facility could theoretically help resolve budget issues. Yeseni Amaro, *Feds Eye Another Stretch of Oregon Coast for ICE Detention Center,* OREGONLIVE, Mar. 2, 2026, https://www.oregonlive.com/politics/2026/02/feds-eye-another-stretch-of-oregon-coast-for-ice-detention-center.html.

(denying party's request for conditions on intervention where it did not confer with intervening party).

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor Applicants request that the court grant the Motion to Intervene.

Respectfully submitted this 3rd Day of March, 2026.

/s/ Meriel L. Darzen
Meriel L. Darzen (OSB # 113645)
Eric Wriston (OSB #226130)
Crag Law Center
3141 E. Burnside St.
Portland, OR 97214
503-525-2725
Email: meriel@crag.org
Email: eric@crag.org

*Counsel for Plaintiff-Intervenor-Applicants*